IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MALIK OUSLEY, SR. #20080035686,  )
                                 )
                    Plaintiff,   )
                                 )
    v.                           )    No.  09 C 4083
                                 )
COOK COUNTY CERMAK HEALTH        )
SERVICES, et al.,                )
                                 )
                    Defendants.  )

## MEMORANDUM ORDER

Malik Ousley, Sr. ("Ousley") has filed a self-prepared 42 U.S.C. §1983[1] Complaint against Cook County Cermak Health Services and a Dr. Halberg--"self-prepared" in the sense that Ousley has used the form of Complaint provided by this District Court's Clerk's Office for use by persons in custody, filling in the requested information in hand-printed form.  Ousley has accompanied the Complaint with an In Forma Pauperis Application ("Application"), also using a Clerk's-Office-provided form, together with a hand-printed Application for Appointment of Counsel ("Counsel Application").  This sua sponte memorandum order dismisses both the Complaint and this action--though without prejudice--and accordingly denies the Application and Counsel Application as moot.

Because Ousley's grievance relates to "prison conditions" within the meaning of Section 1997e(a), Congress has established

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

this precondition to his institution of this litigation:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

But the Complaint is totally silent on that score, giving no indication that Ousley has (as Congress requires) either initiated or pursued any such administrative remedies.

As stated at the outset, then, Section 1997e(a) and 28 U.S.C. §1915A(b) mandate the dismissal of this action without prejudice. This Court would be remiss, however, if it failed to add the caution to Ousley that Section 1983 provides a remedy only for "deliberate indifference" as to an inmate's serious medical needs--a standard that does not encompass conduct that might instead be actionable as medical malpractice.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: July 9, 2009

---

[2] What Ousley should consider in that respect is that if he could overcome the Section 1997e(a) hurdle, but if he then failed in a refiled lawsuit to obtain Section 1983 relief, 28 U.S.C. §1915 would still make him liable to pay the $350 fee in installments.

2